**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KNUTSON TOWBOAT COMPANY and SAIF CORPORATION,<br><br>Petitioners,<br><br>v.<br><br>ALFRED F. WAKELEY and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM,<br><br>Respondents. | No.    14-70990<br><br>BRB No. 09-0833<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted July 7, 2016
Portland, Oregon

Before: BEA and OWENS, Circuit Judges, and BURNS,[**]  District Judge.

Knutson Towboat Company and SAIF Corporation ("Knutson") petition for

review of an order of the Benefits Review Board ("BRB"). Knutson argues that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

substantial evidence does not support a finding by the administrative law judge ("ALJ") that tools used to repair maritime equipment were stored inside the Millington Building. Knutson also argues that claimant Alfred Wakeley lacked status under the Longshore and Harbor Workers' Compensation Act ("the Act"). *See* 33 U.S.C. § 902(3).

We have jurisdiction under 33 U.S.C. § 921(c). "We review a decision of the BRB 'for errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record.'" *Keller Found./Case Found. v. Tracy*, 696 F.3d 835, 841 (9th Cir. 2012). We deny the petition for review.

## I.

"The substantial evidence test for upholding factual findings is 'extremely deferential to the factfinder.'" *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Moreover, 'our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings.'" *Id.*

Here, substantial evidence supports the ALJ's finding that tools used to repair the log broncs and LeTourneau were stored inside the Millington Building. **.** Wakeley testified before the ALJ that the tools were stored there. We will not

2

disturb this finding because "a reasonable mind might accept" Wakeley's testimony as "adequate to support" it.

In light of this evidence, the BRB did not err when it affirmed the ALJ's finding that Wakeley's injury occurred on a covered situs.

## II.

"To qualify for benefits, an individual must be an 'employee' as that term is defined in the Act." *Healy Tibbitts Builders, Inc. v. Dir., OWCP*, 444 F.3d 1095, 1097 (9th Cir. 2006). "The Act, as remedial legislation, 'should be liberally construed.'" *Id.* at 1098. Its coverage extends to employees engaged in construction work on maritime facilities, "even if the worker's specific job duties are not maritime in nature." *Id.* Wakeley's job duties included construction work on the Millington Building, such as remodeling a tool or parts room. The BRB did not err when it concluded that Wakeley is a covered employee based on this construction work.

**PETITION DENIED.**

*Knutson Towboat Co. v. Alfred F. Wakeley et al.*, No. 14-70990

BURNS, District Judge, concurring in the result:

We uphold administrative law judges when their findings are supported by substantial evidence. *Keller Foundation/Case Foundation v. Tracy*, 696 F.3d 835, 841 (9th Cir. 2012). This standard isn't exacting – it requires more than a scintilla of evidence (*i.e.*, a nominal showing), but less than a preponderance (*i.e.,* 50.1%). *Chu v. U.S. Commodity Futures Trading Comm'n*, 823 F.3d 1245, 1250 (9th Cir. 2016). Here, the issue before the ALJ was whether Wakeley qualified as a longshoreman and, as such, is entitled to claim benefits under the Longshore and Harbor Workers' Compensation Act. He could qualify: (1) by performing the work of a longshoremen, *i.e.*, working on a boat or as dockhand loading and unloading boats or operating equipment used on and around the waterfront; and (2) by working in a "covered situs," that is, working on "navigable waters," or on an "adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. § 903(a).

Wakeley doesn't work on a boat or load or unload boats, nor for that matter, does he even typically work on the docks. He's a handyman who injured himself while repairing the roof of a building that is located near the docks. But entitlement to longshoremen benefits isn't horseshoes, and merely being close to water or to where dock work is performed doesn't count. The question in this case was whether

the building Wakeley was working on is somehow connected with maritime work.[1]

On this contested point, the ALJ found for Wakeley, concluding that "tools used to repair maritime equipment *may* have been stored in the building . . . ." (emphasis added).

"May" is a wonderfully equivocal word. It implies that something could be true – or not. Its meaning is neither concrete nor definitive, so saying that something "may be so" actually resolves nothing. My wife sometimes asks me if I'll go with her to the mall on Sunday. During football season, I typically hedge by saying "I may" (even though I have every intention to stay put in front of the TV). But by uttering "I may," I parry the question and avoid committing myself to action one way or the other.

Here, the ALJ's conclusion that maritime tools "may" have been stored in the building implies the equally plausible possibility that tools "may not" have been

---

[1] I'm sympathetic to Knutson Towing's argument that the "covered situs" inquiry is far too spongy. Unfortunately for Knutson, the Supreme Court has instructed lower courts to construe the term liberally. *NE Marine Terminal Co. v. Caputo*, 432 U.S. 249, 268 (1977). Our circuit has obliged. *E.g.*, *Brady-Hamilton Stevedore Co. v. Herron*, 568 F.2d 137, 139–41 (9th Cir. 1978) (finding that a gear locker for repairing maritime equipment qualified as a maritime situs, even though it was not contiguous with the navigable waters and was about 2,600 feet from the port). Under this seemingly boundless standard, a snack machine restocker who slips and injures himself while replenishing Fritos in a vending machine located in a maritime building may be able to claim benefits as a "longshoreman." *Cf.*, *Brown & Root, Inc. v. Joyner*, 607 F.2d 1087, 1089 (4th Cir. 1979) (affirming award of benefits to an excavation foreman killed while supervising the loading of sand used to backfill concrete on a dry rock that would be used to build and repair ships).

stored there.  And if tools weren't stored in the building, then the building wasn't a covered situs.  Yet under the "substantial evidence" standard the court must apply, practically any evidence of the existence of a fact suffices.

Merriam-Webster defines the word substantial as "large in amount, size, or number," *Substantial*, http://www.merriam-webster.com/dictionary/substantial, (last visited September 16, 2016), and in everyday parlance, "substantial" usually refers to ample or a lot.  The legal definition of "substantial" – as in "substantial evidence" – is much squishier. It need only be "more than a scintilla," but "less than a preponderance of evidence."  No case, as far as I know, has attempted to quantify what that means, but it seemingly encompasses even a 5% likelihood.

Because I am stymied by this amorphous standard, I concur only in the result.